UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES CHASE AND AMY CHASE, h/w ) | Case Number |
| Plaintiffs ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | JURY TRIAL DEMANDED |
| LTD FINANCIAL SERVICES, L.P. ) | |
| Defendant ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW,** Plaintiffs, James Chase and Amy Chase, h/w, by and through their undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiffs, James Chase and Amy Chase, h/w (hereinafter "Plaintiffs"), are adult natural persons and they bring this action for actual and statutory damages and other relief against Defendant violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices as well as violations of New York Business Law §349.

### II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiffs reside in this District.

### III.   PARTIES

4. Plaintiffs, James Chase and Amy Chase, h/w, (hereafter Plaintiffs) are adult natural persons residing in Orchard Park, New York.  At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, LTD Financial Services, L.P., (hereafter, Defendant) at all times relevant hereto, is and was a limited partnership engaged in the business of collecting debt within the States of New York and Texas with its principal place of business located at 7322 Southwest Fwy., Ste. 1600, Houston Texas.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendants, LTD is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.   FACTUAL ALLEGATIONS

7. On or about March 16, 2011, Plaintiff, Amy, entered into a settlement arrangement with Estate Information Services, on a debt allegedly owed to Citibank.

8. Plaintiffs were said to owe approximately $882.41.

9. Plaintiffs were offered the opportunity to settle the above account for $400.00.

10. Plaintiffs were to make settlement payment in full on or before March 30, 2011.

11. Plaintiffs timely payment was accepted and not returned.

12. In or around February, 2012, after hearing nothing on this account for almost one (1) year, Plaintiffs started to receive calls from Defendant, stating that they had been retained by Citibank, to collect on the same debt.

13. Defendant was demanding the original full amount of $882.41.

14. At that time, Plaintiffs informed Defendant that they had already settled the account in full.

15. Despite being informed that the debt was already settled in full, the Defendant called back the next day asking how the Plaintiffs were going to pay on this account.

16. Defendant continued to call and demand that the Plaintiffs make payment arrangements immediately on this account.

17. Plaintiffs were warned and intimidated while being scolded that it was their "legal responsibility" to pay off this account.

18. Also, Defendant continually spoke about said account with Plaintiff, James, despite the fact that the account is solely in Amy's name.

19. Defendant's agent harassed the Plaintiffs and demanded that they take whatever money they had and pay their bills with it.

20. Defendant continued to call Plaintiffs multiple times a day over the few months.

21.     On or about March 2, 2012, Defendant's agent, "Shanequa", called Plaintiffs stating she was calling to collect in full the account that was due to Citibank.

22.     Plaintiffs again informed the Defendant that the account was already settled and paid, and asked Defendant's agent, "Shanequa", to please stop calling.

23.     Plaintiff, James, ended the call.

24.     Defendant's, agent, "Shanequa", disregarded the Plaintiffs request and blatantly called their home back approximately ten (10) minutes later attempting again to collect on this account.

25.     On that same day, March 2, 2012, Plaintiff, James, received a call from his mother informing him that an agent of the Defendant placed a call to her home regarding the Plaintiffs delinquent account.

26.     Defendant's agent disclosed partial social security numbers during this call.

27.     Plaintiffs continue to receive collection calls from Defendant and their agents despite the fact that the Plaintiffs are disputing that there is balance on this account.

28.     Estate Information Services accepted, deposited and has never returned Plaintiffs settlement payment.

29.     The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants unlawful conduct by continuing to collect on an account that has been settled in full.

30.     Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse Plaintiffs in connection with the collection of a debt.

31. Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiffs to pay the debt.

32. Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

33. At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

34. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

## COUNT I – FDCPA

35. The above paragraphs are hereby incorporated herein by reference.

36. At all times relevant hereto, Defendants was attempting to collect an alleged debt which was incurred by the Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

37. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

    §§ 1692b(2):   Contact of Third Party: Stated that the consumer owes any debt

| | |
|---|---|
| §§ 1692b(3): | Contact of Third Party: Contacted a person more than once, unless requested to do so |
| §§ 1692c(a)(a): | At any unusual time, unusual place, or unusual time and place known to be inconvenient to the consumer |
| §§ 1692c(b): | With anyone except consumer, consumer's attorney, or credit bureau concerning the debt |
| §§ 1692d: | Any conduct that natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | Character, amount, or legal status of the alleged debt |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiffs respectfully requests that this court enter judgment in their favor and against Defendant and Order the following relief:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. §1692k;

      c.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

      d.    Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of New York General Business Law §349

38. Plaintiffs hereby restate reallege and incorporate herein by reference all foregoing paragraphs as if set forth fully in this count.

39. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

40. GBL §349 provides in relevant part as follows:

    (a)    Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

    (g)    This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct inquiry

    (h)    In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover their

actual damages or fifty ($50) dollars whichever is greater, or both such actions. The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section. The court may award reasonable attorney's fees to a prevailing Plaintiff.

41. As a direct and proximate result of Defendants deceptive acts and practices, committed in violation of GBL §349, Plaintiffs were damaged in that they, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

**WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

   a. Actual damages

   b. Statutory damages

   c. An award of reasonable attorney's fees and expenses and cost of suit; and

   d. Such additional relief as is deemed just and proper, or that the interest of justice may require.

**V.      JURY DEMAND**

Plaintiffs hereby demand a jury trial as to all issues herein.

                                        **Respectfully submitted,**

                                        **VULLINGS LAW GROUP, LLC**

**Date:  December 18, 2012**               **BY:**  */s/ Brent F. Vullings*
                                        Brent F. Vullings, Esquire
                                        Vullings Law Group, LLC
                                        3953 Ridge Pike
                                        Suite 102
                                        Collegeville, PA  19426
                                        610-489-6060
                                        610-489-1997 fax
                                        bvullings@vullingslaw.com
                                        Attorney for the Plaintiff